UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-25090-GAYLES

**JASON T. HUNTER**,

    Petitioner,

v.

**FLORIDA DEPARTMENT
OF CORRECTIONS**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of *pro se* Petitioner Jason T. Hunter's Emergency Application/Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF No. 1], and Motion for Leave to *Proceed In Forma Pauperis* (the "Motion"), [ECF No. 3]. The Court has reviewed the Petition, the Motion, and the record and is otherwise fully advised in the premises. For the reasons stated below, the Motion is denied and the Petition is dismissed.

Petitioner initiated this proceeding by filing an "emergency" petition for writ of habeas corpus. [ECF No. 1]. As a threshold matter, the Court cannot discern the nature of the "emergency" on the face of the Petition. Petitioner previously filed a similarly styled "emergency" petition for writ of habeas corpus with an incorporated "emergency" motion for injunctive relief. *See* 20-cv-14373-UU, at [ECF No. 1]. Petitioner was afforded an opportunity to agree to the recharacterization of his filing as a § 2254 Petition, *id.* at [ECF No. 5], but Petitioner failed to

comply with the Court's order and the Petition was dismissed on November 30, 2020. *Id*. at [ECF No. 7].

In Petitioner's Motion, [ECF No. 3], he requests declaratory relief "to (plea type 2 level)," injunctive relief "from prosecution due to pleas," habeas corpus relief from the Florida State Hospital, mandamus relief to transport Petitioner back to Fulton County Jail by December 22, 2020, and an adjustment in the amount of child support Petitioner owes from $660 to $220 per month. [ECF No. 3]. The Petitioner requests discharge from civil commitment to the Florida State Hospital but provides no basis for this claim. [ECF No. 1, at 1]. Petitioner's five-page Petition lists multiple state court cases from which he seeks relief but provides no specific information regarding those cases. *See id*. The Petitioner suggests that two guilty pleas were involuntary and provides the case numbers but fails to provide the county, any proof of conviction, or any basis to argue the alleged pleas were involuntary. *Id*.

The Petition also includes a 42 U.S.C. § 1983 claim for denial of medical care. This claim mirrors others that were brought pursuant to 42 U.S.C. § 1983 by Petitioner in other cases, which were dismissed as "incomprehensible," "shotgun pleadings" that failed to state a claim upon which relief can be granted. *See* 20-cv-14357-KMM, at [ECF No. 15]; 20-cv-14358-BB, at [ECF No. 12].

Although courts give liberal construction to the pleadings of *pro se* litigants, that does not permit them to file an impermissible "shotgun" pleading; they must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks and citation omitted). Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must contain a short and plain statement that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). "Complaints that

violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for impeding the administration of the district courts' civil docket. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a massive waste of judicial and private resources. *Id*. (citation omitted).

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id*. (citing Fed. R. Civ. P. 41(b)). Courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Martins v. Royal Caribbean Cruises, Ltd.*, No. 15-21124-CIV-GOODMAN, 429 F. Supp. 3d 1315, 1323 (11th Cir. 2019).

Here, Petitioner has filed an incomprehensible, shotgun pleading that fails to state a claim for which relief can be granted. Petitioner has previously been given the opportunity to amend similarly pled complaints, *see*, 20-cv-14373-UU, at [ECF No. 7], 20-cv-14357-KMM, at [ECF No. 15], 20-cv-14358-BB, at [ECF No. 12], and Petitioner has failed to comply with those court orders.

Moreover, the Court does not have jurisdiction over the Petitioner's child support enforcement claim; nor does this Court have the power to grant mandamus relief to transfer the Petitioner to Fulton County, Georgia. If Petitioner seeks to challenge the enforcement of the child support order, Petitioner must file a claim in state court. The Petitioner also raised a 42 U.S.C. § 1983 claim for denial of medical care—a claim that must be raised in a separate complaint from the habeas corpus petition at issue. Should Petitioner seek to refile a 28 U.S.C. § 2254 or file a 42 U.S.C. § 1983 claim in the future, enclosed are the proper forms Petitioner should use.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Petitioner Jason T. Hunter's Emergency Application/Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [ECF No. 1], is **DISMISSED without prejudice.**

2. Petitioner Jason T. Hunter's Motion for Leave to Proceed *In Forma Pauperis*, [ECF No. 3], is **DENIED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:  Jason T. Hunter
     Inmate #05008613
     Highlands County Jail

4

Inmate Mail/Parcels
338 South Orange Street
Sebring, FL 33870
PRO SE

Noticing 2254 Broward and North
Email: CrimAppWPB@MyFloridaLegal.com